JOURNAL ENTRY AND OPINION
¶ 1 Defendant-appellant Eugene Cummings, III, appeals the sentence he received for numerous counts of breaking and entering.
¶ 2 In his first indictment defendant was charged with three counts of breaking and entering in violation of R.C. 2911.13, a fifth degree felony. He pleaded guilty to all three of these charges. In his second indictment, he was charged with thirteen counts, six for burglary and seven for theft. The state reduced the burglary charges to breaking and entering and entered a nolle prosequi for the theft charges. Defendant pleaded guilty to the six breaking and entering charges.
¶ 3 The trial court sentenced defendant for both indictments on the same day, giving him a sentence of one year for each of the three counts in the first indictment, to run concurrently with each other, and one year for each of the counts in the second indictment, again to run concurrently with each other. The first one-year sentence and the second one-year sentence, however, were to run consecutive to each other, for a total of two years.
¶ 4 Defendant appeals, claiming that the court failed to make the necessary findings and give the necessary reasons for the sentence. Defendant states one assignment of error:
 ¶ 5 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM, CONSECUTIVE TERMS OF INCARCERATION WITHOUT MAKING THE REQUISITE STATUTORY FINDINGS AND WITHOUT FURNISHING ADEQUATE STATUTORY REASONS FOR ALL OF THE FINDINGS MANDATED BY R.C. SECTIONS 2929.19(B)(2)(c), 2929.14(E)(4).
¶ 6 Defendant's assignment of error complains about both the maximum sentences and the consecutive sentences. In his brief, however, he concedes that, "[a]t the sentencing hearing, the trial court made findings and stated reasons on the record for giving Mr. Cummings maximum sentences (T. 45-50)." Defendant argues, rather, that "the trial court did not properly make the requisite findings nor properly state its reasons for giving Mr. Cummings consecutive sentences." Appellant's brief at 5. We will, therefore, address only the court's imposition of consecutive sentences.
¶ 7 Consecutive sentences are controlled by R.C. 2929.14(E)(4), which states as follows:
 ¶ 8 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 ¶ 9 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 ¶ 10 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 ¶ 11 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)
¶ 12 Additionally, the court must give its reasons for imposing consecutive sentences, as stated in R.C. 2929.19(B)(2)(c):
 ¶ 13 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 ¶ 14 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *.
If the trial court does not state the findings required by the statute, consecutive sentences must be reversed. Defendant alleges that the court merely "parroted" the statute and thus it is "difficult to make any logical connection between the factors the trial court considered and as to which counts they were applicable." Appellant's brief at 8.
¶ 15 As R.C. 2929.14(E)(4) states, when imposing the consecutive sentences the court must find that the sentences are necessary either to protect the public from future harm or to punish the offender. In the case at bar, the court specifically found that defendant "presents a great likelihood of re-offending." The trial court explained that "the kind of behavior * * * seen in these cases, the planning, the careful selection of particular properties * * * shows someone * * * almost certain to recidivate." A finding of likelihood to re-offend is substantially the same as a finding of a need "to protect the public from future crime." This finding satisfies the first prong of the requirement under the R.C.2929.14(E)(4).
¶ 16 The court also satisfied, in part, the second prong of R.C. 2929.14(E)(4), which requires finding "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *." The court stated, "I don't think that these are disproportionate to the seriousness of Mr. Cummings's conduct and the public interest will be served by imposing this sentence." Tr. at 50.
¶ 17 The court explained his reasons, in general, for his decision to impose consecutive sentences: "given that these are separate cases,[1] given that the harm is great to the victims and given Mr. Cummings' criminal history I'm going to impose that prison term consecutive * * * for a total of two years." Tr. 48.
¶ 18 Specifically, he explained further,
 ¶ 19 these are now homes that are less likely to be made available for families who needs [sic] them in the short-term because of the vandalism, because of the damage of these properties, so there's an impact to the community and the families, despite the fact that there were no occupants in the properties.
¶ 20 This emphasis on the number of houses vandalized along with the impact upon the community sufficiently supports the disproportionality test as well as shows the danger to the public. Like the trial judge, we are not unaware that no one was living in the houses robbed, but that fact is accounted for in the crime he was charged with. This is not just a simple robbery — this is a spree. The number of houses robbed is significant. The number of robberies added to the "seriousness of the offender's conduct." Such economic crimes do have an impact upon the community, as the trial judge observed. While these may not be crimes of personal danger, they, nevertheless, impact upon the speed with which HUD can deliver housing to the needy. Thus we find that the trial court provided adequate support for the requisite finding under R.C. 2929.19 (E)(4).
¶ 21 Finally, the court clearly satisfied the criterion in R.C.2929.19(E)(4)d(c) when the court cited defendant's "criminal history." The trial court specifically observed that defendant "has been stuck in this revolving door * * * for the better part of [defendant's] adult life beginning with a prison sentence in 1961 and most recently in 1997 when he was sentenced to the penitentiary for burglary after unsuccessfully completing a period of community control * * *. Tr. 45. With such an extensive criminal history, along with the twelve recent instances of break-ins, the court clearly had a basis to conclude the public needed to be protected from future crime.
¶ 22 It is true that these details of defendant's criminal history were recited in the context of a discussion of whether defendant was amenable to community control sanctions. However, it is not necessary for a judge to repeat details that support two separate criteria. The court made the necessary findings and more than adequately gave its reasons for imposing consecutive sentences.
¶ 23 Defendant makes an additional argument requiring comment. He claims that when sentencing "a defendant to consecutive sentences, section 2929.14(E) requires the trial court to first make two findings." When the trial court makes both of the findings, it is then required to make one of the enumerated findings. Appellant's brief at 6. (Emphasis added.) Defendant then argues that the trial court "did not make the requisite findings set forth in 2929.14(E)(4) but rather it skipped directly to the findings that are to be made after it makes the initial requisite findings." Id. (Emphasis in original, footnote omitted.)
¶ 24 R.C. 2929.14(E)(4) does not weigh certain findings over others, and there is no requirement that any one finding be made before another. The statute does not specifically state that the findings have to be made in any particular sequence. Rather, it says simply that all the necessary findings must be made. The language of the statute gives no indication that the order listing the findings has any significance. Defendant errs, therefore, in stating that the findings must be made in a certain order.
¶ 25 Because the trial court made the necessary findings and supported those findings, the sentence is affirmed.
¶ 26 It is ordered that appellee recover of appellant its costs herein taxed.
¶ 27 The court finds there were reasonable grounds for this appeal.
¶ 28 It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
¶ 29 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] In one case, defendant pleaded guilty to three counts of breaking and entering, for which he received one year for each, to run concurrently. In the second case, defendant pleaded guilty to six counts of breaking and entering, for which he received one year for each, to run concurrently. However, the trial court ordered that the sentence in the first case run consecutive to the sentence in the second case. Thus defendant must serve a total sentence of two years.